An absolute deed of land and a bond made at the same time to reconvey upon the payment of a sum of money, though unaccompanied by any collateral personal security for such payment, constitute a mortgage; and the mortgagee’s right under the same will pass by a devise of ££ all the obligations for money due to him.’*
Petition for partition. The case came before the Court upon a statement of facts.
If the Court should be of opinion, that the land descended to the heirs at law of Perry senior, and that the executor had no right to receive the sum last mentioned, and to execute the release, partition was to be made according to the prayer of the petition ; but otherwise the petitioners were to take nothing by their petition, and the respondent was to recover costs.
cited St. 1788, c. 51, § 4. Parker C. J. delivered the opinion of the Court. The question in this case relates to the title to the land described *366 m the petition ; and we think that this is very clearly ik. ihe' respondent, whatever may be the construction of the will in regard to the rights of the executor and the heirs, as to the proceeds of the estate. It is manifest that the deed to Perry senior and the deed of defeasance made by him, constituted a mortgage. There had been no foreclosure, nor even an entry by the mortgagee for condition broken. It is not the less a mortgage, because there was no collateral personal security for the debt taken at the time. The grantee could no otherwise have acquired an indefeasible estate, than by entry to foreclose, or judgment as in cases of mortgage ; and his estate was liable to be defeated at any time, by the payment of the debt and interest within three years after entry for condition broken, or the execution of a writ of habere facias, upon the conditional judgment prescribed by statute in cases of mortgage. This was in every sense therefore a security for money, at the time of the decease of Perry senior, and passed to his son by the bequest of all obligations for money.
There is nothing in that case, therefore, to be overruled by our decision in this. Here the contract was unquestionably a mortgage for security,[1] and therefore was an obligation for money, within the meaning of the testator as expressed in his will. It passed therefore to his son, the executor, and the respondent holding title under him cannot be disturbed.
Petitioners take nothing, fyc. Costs for respondent.